RUTH LAVERY AND RICHARD LAVERY, APPELLANTS AND CROSS-RESPONDENTS, v. WALLACE WOLDEN AKA SONNY WOLDEN, AND WILLIAM RENTSCH, RESPONDENTS AND CROSS-APPELLANTS.

No. 18267

August 25, 1988

760 P.2d 120

*Smith and Corder,* Reno, Attorneys for Appellants and Cross-Respondents.

*McAuliffe, White, Long and Guinan,* Reno, Attorneys for Respondents and Cross-Appellants.

## OPINION

*Per Curiam:*

Appellants Ruth and Richard Lavery commenced this action in 1984 against respondent Wallace Wolden and his employee, William Rentsch, to recover damages for the faulty construction of

their house in 1977. The district judge awarded judgment against respondent Wolden in the sum of $10,552.55, plus $5,000.00 for attorneys' fees, and dismissed Rentsch from the action.

The Laverys have appealed the amount of the award of attorneys' fees and the dismissal of Rentsch. Wolden has cross-appealed, seeking reversal of the judgment on the grounds that it is barred by the statute of limitations. We agree with Wolden and reverse.

In October 1976, the Laverys contracted with Wolden to build their house. After moving into the house in 1977, the Laverys noticed that the combined living room/dining room floor vibrated. In 1983, the Laverys discovered that the floor, roof and decks lacked sufficient support and that Wolden had not followed the plan's specifications.

In July, 1984, the Laverys commenced this action. The district court found that latent structural defects tolled the statute of limitations until they were discovered, and awarded the Laverys $10,552.55 in damages plus $5,000.00 for attorneys' fees and costs against Wolden.

At the time Wolden completed the Laverys' house in 1977, NRS 11.205, a six-year statute of limitations, was in effect.[1] This court declared NRS 11.205 unconstitutional. *See* State Farm v. All Electric, Inc., 99 Nev. 222, 660 P.2d 995 (1983). In 1983 the legislature enacted NRS 11.204, creating an eight-year statute of limitations, which the district court held governed the instant case.[2]

Wolden contends that since NRS 11.205 was in effect when the Laverys' claim accrued, its six-year time limit bars this action.

---

[1]NRS 11.205 provided, in pertinent part:

    1. No action in tort, contract or otherwise shall be commenced against any person performing or furnishing the design, planning, supervision or observation of construction, or the construction, of an improvement to real property more than six years after the substantial completion of such improvement, for the recovery of damages for:

    (a) Any deficiency in the design, planning, supervision or observation of construction or construction of such improvement. . . .

The statute also provides for an additional year to bring claims if the defect is discovered or injury occurs in the sixth year. *See* NRS 11.205(3) (repealed 1983).

[2]NRS 11.204(1) provides, in pertinent part:

No action may be commenced against the owner, occupier or any person performing or furnishing the design, planning, supervision or observation of construction, or the construction, of an improvement to real property more than 8 years after the substantial completion of such an improvement, for the recovery of damages for:

    (a) Any latent deficiency in the design, planning, supervision or observation of construction of such an improvement. . . .

We reject that contention. However, Wolden alternatively asserts that because NRS 11.205 was found to be unconstitutional, the only available statute applicable was the statute of limitations for written contracts, NRS 11.190, which provides for a six-year period of limitations.[3] We agree.

The statute of limitations for written contracts, NRS 11.190, had run prior to the filing of Laverys' complaint. The Laverys' suit was not timely filed; therefore, their claims are barred.

The judgment is reversed.

---

[3]NRS 11.190 provides, in pertinent part:

Actions other than those for the recovery of real property, unless further limited by statute, can only be commenced as follows:

1. Within 6 years:

. . . .

(b) An action upon a contract, obligation or liability founded upon an instrument in writing. . . .

The statute for written contracts would apply because the Laverys alleged a breach of the construction contract and it was the only applicable statute of limitations during the gap between the *State Farm* decision and the lapsing of the Laverys' cause of action. *State Farm* was decided on March 31, 1983. 99 Nev. at 222.